IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KENNETH STAFFORD, | ) | |
| | ) | Civil No. 2:10-cv-01443 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLUECROSS BLUESHIELD | ) | **ORDER** |
| OF ILLINIOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, and plaintiff's motions to amend and do discovery. For the reasons set forth below, the court denies defendant's motion, grants plaintiff's motion to amend, and finds as moot plaintiff's motion to do discovery.

## I. BACKGROUND

Plaintiff, Kenneth Stafford, sued defendant, BlueCross BlueShield of Illinois (BlueCross) on March 18, 2010, for breach of contract and bad faith due to failure to provide benefits for a medical procedure. Defendant removed this case to federal court on June 4, 2010, pursuant to 28 U.S.C. §§ 1441 (b) and (c), based on the court's original jurisdiction over ERISA actions under 29 U.S.C. § 1132, which preempts plaintiff's state law claims. Both parties agree that "The Wal-Mart Stores, Inc. Associates Health and Welfare Plan" (Wal-Mart Plan) is the proper defendant, not BlueCross. The Wal-Mart Plan has taken over defense of the suit. Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment on June 18,

1

2010. Plaintiff opposed the motion to dismiss and moved to amend its state law complaint and do discovery. At the time defendant filed its motion to dismiss, or in the alternative, motion for summary judgment, the court had yet to set scheduling deadlines or allow the parties time to conduct discovery.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 15(a), leave to amend should be given absent some stated reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Red Bird Egg Farms, Inc. v. Pa. Mfrs. Indem. Co., No. 00-1149, 2001 WL 878321, at *4 (4th Cir. Aug. 3, 2001) (citing Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984)). Defendant filed its motion to dismiss, or in the alternative, motion for summary judgment, based on plaintiff's failure to establish equitable tolling of the ERISA statute of limitations. Plaintiff had not addressed the statute of limitations issue of ERISA or equitable tolling because it only asserted state law claims in its preempted complaint. Defendant filed this motion: (1) immediately after removal and the recharacterization of plaintiff's state law causes of action as ERISA claims and (2) prior to a scheduling conference and discovery.

In the interest of justice, plaintiff should be permitted to amend its complaint. See Fed. R. Civ. P. 15(a)(2). Thus, defendant's motion to dismiss and its alternative motion for summary judgment are denied. Subsequent to plaintiff's filing of its

2

amended complaint, the court will issue its standard ERISA Specialized Case Management Order, therefore, plaintiff's motion to do discovery is moot.

### III.   CONCLUSION

For the foregoing reasons, this court **DENIES** defendant's motion to dismiss, or in the alternative, motion for summary judgment, **GRANTS** plaintiff's motion to amend, and **FINDS AS MOOT** plaintiff's request for discovery.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**December 14, 2010**
**Charleston, South Carolina**

3