IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KENNETH STAFFORD, | ) | |
| | ) | Civil No. 2:10-cv-01443-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| WAL-MART STORES, INC. | ) | |
| ASSOCIATES' HEALTH and WELFARE | ) | |
| PLAN, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff seeks review of a denial of health insurance benefits by the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (Wal-Mart Plan), a self-insured, self-funded ERISA plan. Defendant moves to dismiss plaintiff's amended complaint for failure to file suit within the applicable 180 day limitation period. Plaintiff asks this court to apply the doctrine of equitable tolling to excuse his late filing and consider plaintiff's claim on the merits. For the reasons set forth below, the court grants defendant's motion to dismiss.

## I.  BACKGROUND

Plaintiff sued the original defendant, BlueCross BlueShield of Illinois (BlueCross), on March 18, 2010, for breach of contract and bad faith after he was denied benefits for a medical procedure. Defendant removed the case to federal court on June 4, 2010, pursuant to 28 U.S.C. §§ 1441(b) and (c), based on the court's original jurisdiction over ERISA actions under 29 U.S.C. § 1132, which preempts

1

plaintiff's state law claims. Both parties agree that "The Wal-Mart Stores, Inc. Associates' Health and Welfare Plan" is the proper defendant, rather than BlueCross. The Wal-Mart Plan has taken over the defense. Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment on June 18, 2010. Plaintiff opposed the motion to dismiss and moved to amend its state law complaint and for discovery. On December 14, 2010, this court denied defendant's motion to dismiss and granted plaintiff's motion to amend and correct his complaint.

Plaintiff filed an amended complaint on December 17, 2010, restyling the case and naming the Wal-Mart Plan as the defendant. Plaintiff alleged that he is entitled to recover health benefits from the Plan and asked the court to apply the doctrines of equitable tolling and equitable estoppel to excuse his late filing. Specifically, plaintiff alleged that the Plan provided misleading information regarding time limitations that induced plaintiff and his attorney into missing the filing deadline. Defendant filed the instant motion on January 3, 2011, moving to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a reply to defendant's motion to dismiss on January 13, 2011, to which defendant responded by filing a reply brief in support of the motion to dismiss on January 21, 2011.

Plaintiff's wife was employed by Wal-Mart Stores, Inc., which provided health insurance coverage to plaintiff and his wife through the Wal-Mart Plan. Plaintiff requested coverage under the Plan after undergoing a surgical procedure and was denied. Plaintiff appealed the Plan's decision on November 26, 2007, which the Plan denied on December 6, 2007. A letter dated December 6, 2007 informed

plaintiff of his right to a voluntary, second level of appeal and explained that such an appeal would toll the limitations period for instituting a civil suit:

> If you have additional information that was not originally included in your appeal, you may request a voluntary level appeal. . . . **You must make your request and provide this additional information within 180 days from the date of this notification.** The Plan will review the additional information and notify you of its decision as to whether or not to uphold the Plan's initial decision. **The time period beginning on the date the Plan receives the request for voluntary appeal (that includes additional information) and ending on the date the Plan responds is not counted as part of the time in which legal action can be pursued**.

December 6, 2007 Letter (emphasis added). In addition, the letter informed plaintiff of his right to bypass the voluntary level of appeal and bring a civil suit:

> In addition to, or instead of, requesting a voluntary appeal, you may have the right to bring a civil action suit. This right can be exercised after all required reviews of your claims, including the non-voluntary appeal process, have been completed if your claim was not approved, in whole or in part, and you disagree with the outcome. **Unless you request a voluntary appeal, no legal action can be initiated with respect to a claim under the Associates' Medical Plan and Dental Plan more than 180 days from the date of this notification**.

Id. (emphasis added).

On January 30, 2008, Stafford requested a voluntary appeal and provided additional documentation. The Wal-Mart Plan denied this appeal on February 14, 2008, explaining that plaintiff's procedure was excluded from coverage. A letter dated February 14, 2008 again explained that the voluntary appeal tolled the 180 day limitation period:

> This voluntary level review does not eliminate your right to initiate legal action. **Accordingly, the time period beginning on the date the Plan receives your written request for a voluntary appeal that includes additional information and ending on the date the Plan**

3

> **responds is not counted as part of the time in which legal action can be pursued.** For example, if you submit a request for a voluntary appeal and information supporting your voluntary appeal 120 days after the Appeals Committee denied your original appeal, and the Plan denies your voluntary appeal, you still have 60 days to file a legal action.

February 14, 2008 Letter (emphasis added).

Plaintiff received two additional letters that discussed the applicable time period within which to file suit. First, plaintiff was provided the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (AHWP). Article II, Section 3.7 ("Limitations on Actions") stated,

> Participants must follow the claims procedures, including exhausting their rights to appeal, before taking action in any other forum regarding a claim for benefits under the Plan. **Any suit or legal action initiated by a participant for benefits under the Plan must be brought by the Participant no later than 180 days following a final decision on the appeal of the claim for benefits** by the person or entity described in the Plan with the discretionary authority to determine appeals with respect to such claim. In no case may a suit or legal action be brought if the claim for benefits was not made within the time period prescribed in the claims procedures of the Plan. This limitation on suits for benefits applies in any forum where a Participant initiates a suit or legal action.

AHWP II.3.7 (emphasis added). In addition, plaintiff's wife received an Explanation of Benefits letter dated April 20, 2007, which stated,

> If you are dissatisfied with the decision on your appeal, you may bring action in Federal Court under [ERISA] . . . . **No legal action can be brought with respect to a claim under the [AHWP] after 45 days from the decision on appeal**.

April 20, 2007 Explanation of Benefits Letter (emphasis added). Plaintiff received a final letter from the Plan on May 9, 2009, explaining that all available appeal rights had been exhausted.

4

Plaintiff met with an attorney, who interpreted the December 6, 2007 and February 14, 2008 letters to mean that the 180 day limitation to file suit would not apply if plaintiff filed a voluntary level appeal. The attorney incorrectly applied a three-year limitation period and, accordingly, advised plaintiff that "the statute of limitation would expire no sooner than February 14, 2011." Cameron Marshall Aff., Ex. 3, ¶ 5. Plaintiff filed the instant action on March 18, 2010.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, --- F.3d ---, 2011 WL 3690000, at *2 (4th Cir. Aug. 24, 2011) (quoting Iqbal, 129 S. Ct. at 1949).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

5

whether they plausibly give rise to an entitlement to relief," but this assumption is inapplicable to legal conclusions. Id. at 1950.

### III. DISCUSSION

Equitable tolling is a rare remedy that "allow[s] for exceptions to the strict enforcement of deadlines" and "restore[s] a claimant's right to review even though she otherwise would be time-barred." Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005). "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (internal quotation marks omitted). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The Fourth Circuit has recognized the doctrine of equitable tolling but has applied it only sparingly. Courts in this Circuit generally apply equitable tolling in the following narrow situations: (1) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," Gayle, 401 F.3d at 226 (internal quotation marks omitted); (2) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the limitations period," id. (internal quotation marks omitted); or (3) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time," Hutchinson, 209 F.3d at 330.

In a factually similar case, Gayle v. United Parcel Serv., Inc., the Fourth Circuit held that plaintiff was not entitled to equitable tolling when plaintiff's attorney negligently failed to file an administrative appeal to an ERISA benefits plan within a 180 day limitation period. 401 F.3d at 225-27. The court considered "whether attorney negligence justifies equitable tolling sufficient to excuse the lack of compliance with the plan's appeal procedure" and "conclude[d] that it does not." Id. at 224; see also Estate of Spinner v. Anthem Health Plans of Va., Inc., No. 09-1092, 2010 WL 2802737, at *4 n.5 (4th Cir. June 16, 2010) (quoting Gayle, 401 F.3d at 226) ("While this Court has held that '[e]quitable tolling, while rare, does allow for exceptions to the strict enforcement of deadlines,' we have not applied the principle to toll ERISA deadlines."); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (internal quotation marks omitted) ("Equitable tolling is not appropriate . . . where the claimant failed to exercise due diligence in preserving his legal rights.").

### A. Inducement Causing Filing Deadline to Pass

Plaintiff alleged in his amended complaint that defendant provided confusing and misleading documents causing him to miss the 180 day filing limitation. Plaintiff makes three main contentions in this regard. First, he alleges that the information provided by the Plan regarding time limitations is conflicting, ambiguous, and misleading. Next, he alleges that because he was provided confusing and misleading documents from the Plan, he was unaware that the 180 day time limitation applied to his claim once he had filed a voluntary appeal. Finally, he claims that his attorney also believed and counseled him that the 180 day limitation was not applicable once they had filed a voluntary level appeal.

To survive defendant's motion to dismiss on this ground, plaintiff must state a plausible claim that he was "'induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Gayle, 401 F.3d at 226 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Courts in this Circuit have consistently held that "[a]ttorney negligence does not justify equitable tolling." Id. at 227. "Lack of diligence by a party's attorney is not sufficient to justify equitable tolling of a statute of limitations or similar time-sensitive rule." Gruber v. Unum Life Ins. Co. of Am., 195 F. Supp. 2d 711, 716 (D. Md. 2002) (citing Irwin, 498 U.S. 89). "As both the Supreme Court and our Circuit have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 (4th Cir. 2010) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).

Plaintiff's claim does not rise to a sufficient level of plausibility to survive defendant's motion to dismiss. Although plaintiff and his attorney may have made an innocent mistake regarding the applicability of the limitation period, "[t]he law has always, and necessarily, held people responsible for innocent mistakes," and "[t]o accept such mistakes as a ground for equitable tolling . . . would over time consign filing deadlines and limitations periods to advisory status." Gayle, 401 F.3d at 227. Assuming that the letters sent from the Plan were confusing, they were not so confusing as to constitute active inducement on the part of the Plan to cause plaintiff to miss the filing deadline. Instead, it was plaintiff's decision to file suit well outside

8

of the 180 day window. Therefore, the court holds that equitable tolling is not appropriate on this ground.

### B.  Deficient Filing Within the Limitation Period

Plaintiff filed suit on March 18, 2010, well outside of the 180 day limitation period mandated by the Plan. Plaintiff does not allege in his amended complaint that he made a deficient filing within the 180 day limitation period, therefore plaintiff is not entitled to equitable tolling on this ground.

### C.  Extraordinary Circumstances Making it Impossible to File on Time

A final ground for equitable tolling arises when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Hutchinson, 209 F.3d at 330. Plaintiff must demonstrate that he (1) diligently pursued his rights, and (2) some extraordinary circumstance prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). Mistakes and misinterpretations of reasonably clear policy language do not amount to extraordinary circumstances. Courts in this Circuit require more than an innocent mistake on the part of plaintiff and his attorney to warrant application of equitable tolling, see Gayle, 401 F.3d at 227; therefore, equitable relief is not appropriate on this ground.

## IV.   CONCLUSION

For the foregoing reasons, this court **GRANTS** defendant's motion to dismiss.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**June 19, 2011**
**Charleston, South Carolina**